United States District Court
Southern District of Texas
**ENTERED**
May 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ART SHABAN, Individually and | § | |
| d/b/a WESTHEIMER PAINT & BODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-19-0987 |
| v. | § | |
| | § | |
| THE HERTZ CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Art Shaban, individually and doing business as Westheimer Paint & Body ("Shaban") asserts claims for breach of contract, unjust enrichment, negligent misrepresentation, fraud, and intentional infliction of emotional distress against defendant The Hertz Corporation ("Hertz").[1]  Defendant filed a counterclaim against plaintiff asserting breach of contract.[2]  Pending before the court are Plaintiff's Answer to The Hertz Corporation's Counterclaim and 12(b)(6) Motion to Dismiss Hertz Corporation's Claims ("Shaban's Answer and MTD") (Docket Entry No. 21) and The Hertz Corporation's Motion for Summary Judgment on Plaintiff's

---

[1]Plaintiff's First Amended Petition and Requests for Disclosure ("Shaban's Amended Petition"), Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, pp. 3-5.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]The Hertz Corporation's Counterclaim, Docket Entry No. 20.

Claims ("Hertz's MSJ") (Docket Entry No. 23). For the reasons explained below, Shaban's MTD will be denied, and Hertz's MSJ will be granted in part and denied in part.

## I. Factual and Procedural Background

On August 1, 2013, Shaban entered into a written contract (the "Agency Agreement") with Hertz to become its agent in operating a car rental business.[3] In January of 2015 Shaban moved his Hertz agency to a new location and renamed it Westheimer Hertz.[4] This move occurred amid discussions with a Hertz representative, Michael Foley, who approved the new location.[5] Shaban contends and Hertz disputes that these discussions led to an oral or implied contract (the "Alleged Second Agreement") that superseded the Agency Agreement and under which Hertz promised to reimburse Shaban for some of his expenses.[6] On December 16, 2015, Hertz sent a letter to Shaban stating that he had defaulted on his obligations to secure Hertz's rental vehicles, to immediately notify Hertz if one

_____

[3]Shaban's Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 8; Agency Agreement, Exhibit 1 to Hertz's MSJ, Docket Entry No. 23-2, p. 9.

[4]Shaban's Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, pp. 2-3 ¶ 9.

[5]Id.

[6]Plaintiff's Response to Defendant The Hertz Corporation's Motion for Summary Judgment ("Shaban's Response"), Docket Entry No. 27, pp. 10-11; see Hertz's MSJ, Docket Entry No. 23, p. 5 ¶ 1; Shaban's Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 3 ¶ 10.

was lost, and to complete and execute rental agreements with each customer.[7]

On March 7, 2016, Hertz filed an action in the County Court at Law No. 4 of Harris County, Texas (the "County Court"), alleging claims of breach of contract, theft, and conversion against Shaban.[8] Hertz also sought an injunction prohibiting Shaban from using the Hertz name, signage, or logos.[9] The County Court granted a partial motion for summary judgment finding that the Agency Agreement was the binding contract between Hertz and Shaban, and that Shaban had breached the agreement.[10] The County Court's findings were based on deemed admissions that resulted from Shaban's failure to respond to Hertz's requests for admission during discovery.[11]

---

[7]Notice of Default and Termination of Agency Agreement, Exhibit 1 to Defendant's MSJ, Docket Entry No. 23-2, p. 16.

[8]Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Request for Permanent Injunction ("Hertz's State Petition"), Exhibit 1 to Hertz's MSJ, Docket Entry No. 23-2, pp. 3-5; see Declaration of Marcus R. Tucker, Exhibit 18 to Hertz's MSJ, Docket Entry No. 23-19.

[9]Hertz's State Petition, Exhibit 1 to Hertz's MSJ, Docket Entry No. 23-2, p. 6.

[10]Order Granting Partial Summary Judgment, Exhibit 9 to Hertz's MSJ, Docket Entry No. 23-10, pp. 1-2.

[11]See Plaintiff, The Hertz Corporation's Traditional Motion for Partial Summary Judgment as to Defendant's Breach of Contract, Exhibit 6 to Hertz's MSJ, Docket Entry No. 23-7, p. 9 & n.4 (at p. 5), and pp. 10-12 (relying on deemed admissions to argue the facts underlying the motion for partial summary judgment); Order Granting Partial Summary Judgment, Exhibit 9 to Hertz's MSJ, Docket Entry No. 23-10, pp. 1-2 (relying on those same admissions).

Shaban asserted a counterclaim in the County Court proceeding contending that Hertz had breached the Alleged Second Agreement.[12] Shaban asserted claims of breach of contract, unjust enrichment, negligent misrepresentation, fraud, and intentional infliction of emotional distress.[13]  The County Court granted Hertz's no-evidence motion for summary judgment against Shaban's counterclaims.  But because Shaban had sought over $200,000 in damages, an amount in controversy above the County Court's jurisdictional limit, the Court of Appeals later reversed the County Court's judgment that Shaban take nothing on his counterclaim.[14]  The counterclaim was dismissed without prejudice but the rest of the judgment remained intact.[15]

Shaban then filed a petition asserting the same claims in the 113th District Court of Harris County, Texas, on March 15, 2017.[16] But Shaban did not prosecute the action until after the Court of Appeals determined that the County Court lacked jurisdiction over

---

[12]Defendant's Original Answer to Plaintiff's Application and Request, Exhibit 2 to Hertz's MSJ, Docket Entry No. 23-3, p. 3 ¶ 12, p. 5 ¶ 14.

[13]Id. at 5-9.

[14]Shaban v. Hertz Corp., No. 01-17-00580-CV, 2018 WL 6684347, at *10 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018).

[15]Judgment of the Court of Appeals for the First District of Texas ("Appellate Judgment"), Exhibit 15 to Hertz's MSJ, Docket Entry No. 23-16, p. 1.

[16]Plaintiff's Original Petition and Requests for Disclosure ("Shaban's Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 1.

the counterclaim on December 20, 2018.[17]  Shaban filed an amended petition on February 16, 2019.[18]  Notice was served on Hertz on February 22, 2019,[19] and Hertz removed the action to this court on the basis of diversity jurisdiction on March 18, 2019.[20]

On August 27, 2019, Hertz filed a counterclaim alleging breach of the Agency Agreement or, in the alternative, breach of the Alleged Second Agreement.[21]  Shaban filed his Answer and Motion to Dismiss against the counterclaim on September 17, 2019.[22]  Hertz responded on October 8, 2019.[23]  Hertz filed its motion seeking summary judgment on Shaban's claims on November 6, 2019.[24]  Shaban responded on December 6, 2019,[25] and Hertz replied on December 13, 2019.[26]

---

[17]Notice of Removal, Docket Entry No. 1, p. 1 & n.1; Appellate Judgment, Exhibit 15 to Hertz's MSJ, Docket Entry No. 23-16, p. 2.

[18]Shaban's Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 1.

[19]Citation Corporate, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 1.

[20]Notice of Removal, Docket Entry No. 1, p. 1 & n.1.

[21]The Hertz Corporation's Counterclaim ("Hertz's Counterclaim"), Docket Entry No. 20, p. 3 ¶¶ 7-8.

[22]Shaban's Answer and MTD, Docket Entry No. 21.

[23]The Hertz Corporation's Response to Plaintiff's Motion to Dismiss, Docket Entry No. 22.

[24]Hertz's MSJ, Docket Entry No. 23.

[25]Shaban's Response, Docket Entry No. 27.

[26]The Hertz Corporation's Reply in Support of Its Motion for Summary Judgment on Plaintiff's Claims, Docket Entry No. 28.

## II.  <u>Hertz's Motion for Summary Judgment</u>

Hertz contends that (1) Shaban's contract claim is barred by collateral estoppel in light of the findings of the County Court, (2) damages sought by Shaban are not available under the contract, (3) Shaban's unjust enrichment claim is barred by the existence of a contract, (4) Shaban's fraud and negligent misrepresentation claims are barred by limitations and cannot be supported by evidence, and (5) Shaban's intentional infliction of emotional distress claim cannot be supported by evidence.

## A.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case."  <u>Little v. Liquid Air Corp.</u>,

37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  Id.  If the moving party meets this burden, Rule 56© requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  Id.  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  Little, 37 F.3d at 1075.

## B.   Breach of Contract and Unjust Enrichment

### 1.   Collateral Estoppel

Hertz argues that Shaban's breach-of-contract claim is barred because the County Court's judgment establishes that the Agency Agreement controlled Hertz and Shaban's business relationship and

that Shaban breached it.[27]   Hertz contends that these findings
collaterally estop Shaban from arguing that the Alleged Second
Agreement controls or from recovering on his own breach-of-contract
claim.[28]   Shaban argues that his claims are not precluded because
the County Court never addressed his allegation that the 2013
Agency Agreement was superseded by a second agreement.[29]

Collateral estoppel prohibits the relitigation of issues
across multiple lawsuits.  Sysco Food Services, Inc. v. Trapnell,
890 S.W.2d 796, 801 (Tex. 1994).  It is distinct from res judicata,
which prohibits relitigation of claims or causes of action.  Barr
v. Resolution Trust Corp. ex rel. Sunbelt Federal Savings, 837
S.W.2d 627, 628 (Tex. 1992).  Because Hertz asserts collateral
estoppel from a Texas state court's determination, the court
applies the Texas law of collateral estoppel.  See Hicks v. Quaker
Oats Co., 662 F.2d 1158, 1166 (5th Cir. 1981).  Collateral estoppel
under Texas and federal law are, however, substantially the same.
John G. and Marie Stella Kenedy Memorial Foundation v. Dewhurst, 90
S.W.3d 268, 288 (Tex. 2002).  Collateral estoppel requires a
showing that "(1) the facts sought to be litigated in the second
action were fully and fairly litigated in the first action;
(2) those facts were essential to the judgment in the first action;

_____

[27]Hertz's MSJ, Docket Entry No. 23, p. 11.

[28]Id. at 11 ¶ 15.

[29]Shaban's Response, Docket Entry No. 27, p. 10.

and (3) the parties were cast as adversaries in the first action." <u>Trapnell</u>, 890 S.W.2d at 801.   The parties agree they were adversaries before the County Court but contest the other two elements.

Hertz argues that the County Court determined that (1) the Agency Agreement, not the Alleged Second Agreement, defined the parties' relationship and (2) Shaban breached the agreement.[30]   As Hertz states, these facts were established in the County Court through deemed admissions as a result of Shaban's failure to properly respond to written discovery.[31]   The Texas Rules of Civil Procedure provide that requests for admissions are deemed admitted if not timely responded to.   Tex. R. Civ. P. 198.2(c).   But those rules also limit such admissions to use "solely in the pending action and not in any other proceeding."   Tex. R. Civ. P. 198.3. This prohibits the application of collateral estoppel to matters deemed admitted under Rule 198.2.   <u>In re Pickens,</u> Case No. 16-40667, 2017 WL 474318, at *6 (Bankr. E.D. Tex. Feb. 3, 2017); <u>see also Osteen v. Glynn Dodson, Inc.,</u> 875 S.W.2d 429, 431 (Tex. App.— Waco 1994, writ denied) (applying the same holding to the predecessor rule with similar language).

Federal courts have refused to apply collateral estoppel to deemed admissions under Federal Rule of Civil Procedure 36(b),

---

[30]Hertz's MSJ, Docket Entry No. 23, p. 12 ¶ 19.

[31]<u>Id.</u> ¶ 18; Order Granting Partial Summary Judgment, Exhibit 9 to Hertz's MSJ, Docket Entry No. 23-10, pp. 1-2.

which has a similar prohibition against the use of discovery admissions in other proceedings. <u>E.g.</u>, <u>In re Pizante,</u> 186 B.R. 484, 489 (9th Cir. BAP 1995); <u>Cozzone v. Ingui,</u> Civil Action No. 06-1541, 2006 WL 3069465, at *3 (E.D. Pa. Oct. 25, 2006). A prior court's determination of an issue cannot satisfy the "fully and fairly litigated" requirement for collateral estoppel if it is based on admissions and may not be used in subsequent proceedings. <u>See Matter of Cassidy,</u> 892 F.2d 637, 640 & n.1 (7th Cir. 1990).

The County Court's order granting partial summary judgment that the Agency Agreement was the contract that applied and that Shaban breached that contract were based on deemed admissions.[32] The County Court's final order relied on and incorporated by reference that granting of partial summary judgment.[33] The County Court's determination therefore does not collaterally estop Shaban from contesting in this action whether the Agency Agreement or the Alleged Second Agreement governed the parties' relationship and whether he breached the contract. Since collateral estoppel is the only ground Hertz has raised in its motion, Hertz's MSJ will be denied as to Shaban's breach-of-contract claim.

2.   <u>Damages Available Under the Contract</u>

Alternatively to its collateral estoppel theory, Hertz contends it is entitled to partial summary judgment that Shaban

---

[32] Order Granting Partial Summary Judgment, Exhibit 9 to Hertz's MSJ, Docket Entry No. 23-10, pp. 1-2.

[33] Order on Permanent Injunction, Exhibit 11 to Hertz's MSJ, Docket Entry No. 23-12, p. 1.

cannot recover the costs of facility renovation, monthly rental costs, management fees or reimbursement for vehicle maintenance under the terms of the Agency Agreement.[34]   Shaban does not argue that such damages are available under the Agency Agreement and instead argues that they may be available under the Alleged Second Agreement.[35]   The only issue Hertz has raised as to existence, terms, and applicability of the Alleged Second Agreement is collateral estoppel, which as explained above does not apply. Hertz therefore has not met its burden to demonstrate the absence of a genuine issue of material fact as to the Alleged Second Agreement.   Accordingly, the court will only grant partial summary judgment that the costs of facility renovation, monthly rental costs, management fees or reimbursement for vehicle maintenance are not available under the Agency Agreement.

### 3.   Unjust Enrichment

Hertz also argues that Shaban's unjust enrichment claim fails because the parties' relationship was governed by the Agency Agreement.[36]   "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . because parties should be bound by their express agreements."   <u>Fortune Production Co. v.</u>

---

[34]Hertz's MSJ, Docket Entry No. 23, p. 15 ¶ 26.

[35]Shaban's Response, Docket Entry No. 27, p. 14.

[36]Hertz's MSJ, Docket Entry No. 23, p. 15 ¶ 27.

Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000). But Hertz relies on its theory of collateral estoppel to argue that there is no genuine issue of material fact that the subject matter of this dispute is governed by the Agency Agreement.[37] Because that argument fails for the reasons explained above, the court will deny Hertz's MSJ as to the dismissal of the unjust enrichment claim.

**C.    Negligent Misrepresentation and Fraud**

   1.   Statute of Limitations

   Hertz argues that Shaban's negligent misrepresentation and fraud claims are barred by limitations, which are governed by two- and four-year statutes of limitations respectively.[38] See Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1369, 1371 (5th Cir. 1994). A federal court sitting in diversity applies the state's statutes of limitations to state law claims. Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1103 (5th Cir. 1981). A claim barred by limitations in state court cannot proceed in federal court. Guaranty Trust Co. of New York v. York, 65 S. Ct. 1465, 1470 (1945).

   Hertz does not discuss the effect of the County Court proceeding on the application of the statutes of limitation to this action. Typically, whether a claim was brought in a prior

---

[37]Id.

[38]Hertz's MSJ, Docket Entry No. 23, p. 16.

proceeding where it was dismissed is not relevant to whether it is barred by limitations in a later action.  See Clary Corp. v. Smith, 949 S.W.2d 452, 459 (Tex. App.—Fort Worth 1997, pet. denied).  In the case of dismissal for lack of jurisdiction, however, limitations are tolled between the filing of the first action and the second action as long as the second action is commenced in a court of proper jurisdiction within 60 days.  Tex. Civ. Prac. & Rem. Code § 16.064(a).[39]  Shaban filed his original petition in this action on March 15, 2017, before the Court of Appeals dismissed his County Court counterclaim for lack of jurisdiction on December 20, 2018.[40]  Shaban also filed his Amended Petition on February 16, 2019 — less than sixty days after the dismissal.[41]  The limitations for Shaban's claims were therefore tolled between when he first raised them in the County Court and the commencement of this action. Because Hertz has not argued that the County Court counterclaim was filed outside the limitations, the court concludes the same claims filed in this action are not time-barred.

Hertz also argues that limitations bar the claims because it was served process outside of the limitations period and that

_____

[39]Neither party has raised or addressed the applicability of § 16.064(a), but the court may independently identify and apply the proper construction of the governing law.  Kamen v. Kemper Financial Services, Inc., 111 S. Ct. 1711, 1718 (1991).

[40]Shaban's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 1; Appellate Judgment, Exhibit 15 to Hertz's MSJ, Docket Entry No. 23-16, p. 2.

[41]Shaban's Amended Petiion, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 1.

Shaban did not exercise due diligence.[42]  The general rule is that if a plaintiff files a petition within the limitations period, service of process outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant.  <u>Ashley v. Hawkins,</u> 293 S.W.3d 175, 179 (Tex. 2009); <u>Gant v. DeLeon,</u> 786 S.W.2d 259, 260 (Tex. 1990) (per curiam). Diligence in serving process is determined by whether "the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served."  <u>Proulx v. Wells,</u> 235 S.W.3d 213, 216 (Tex. 2007).

Shaban filed his Original Petition on March 15, 2017,[43] but his counterclaim was not dismissed until December 20, 2018.[44]  He filed his Amended Petition on February 16, 2019,[45] and served process on Hertz on February 22, 2019.[46]  Hertz argues that the long gap between filing the Original Petition in March of 2017 and the service of process in February of 2019 shows lack of due diligence

---

[42]Hertz's MSJ, Docket Entry No. 23, pp. 16-17 ¶ 30.

[43]Shaban's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 1.

[44]Appellate Judgment, Exhibit 15 to Hertz's MSJ, Docket Entry No. 23-16, p. 2.

[45]Shaban's Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 1.

[46]Citation Corporate, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 1.

as a matter of law.[47]   An unexplained delay of many months between filing and service of process typically shows lack of due diligence as a matter of law.  Proulx, 235 S.W.3d at 217.  But Shaban's delay in serving process is not unexplained.  When Shaban filed his Original Petition, the County Court's jurisdiction over his counterclaims was not yet determined.  Shaban filed his Amended Petition within sixty days of the dismissal of his counterclaim for lack of jurisdiction and served Hertz with process one week later. This timing is reasonably prudent on its face because § 16.064 allows a sixty-day window for the filing of claims dismissed for lack of jurisdiction in a different court.  The court concludes that Shaban acted as an ordinarily prudent person in waiting for the decision on jurisdiction over his counterclaims before the County Court before acting to serve process on Hertz in this action.  Shaban's negligent misrepresentation and fraud claims are not barred by their statutes of limitations or the timeliness of service of process.

2.  Genuine Issue of Material Fact as to Fraud

Hertz argues that Shaban cannot point to evidence that would establish every element of a fraud claim at trial.[48]  The elements of a fraud claim under Texas law are:  "(1) a misrepresentation

---

[47]Hertz's MSJ, Docket Entry No. 23, p. 17 ¶ 31.

[48]Id. at 17-19.

that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." <u>Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.,</u> 620 F.3d 465, 468 (5th Cir. 2010) (citing <u>Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co.,</u> 51 S.W.3d 573, 577 (Tex. 2001)).   "[F]uture predictions and opinions, especially those regarding the future profitability of a business, cannot form a basis for fraud as a matter of law." <u>Zar v. Omni Industries, Inc.,</u> 813 F.2d 689, 693 (5th Cir. 1987).   Hertz contends that there is no genuine issue of material fact that Hertz made a material representation to Shaban that it knew to be false because Shaban has not identified any false representation except for a prediction of future business profitability.[49]   The court concludes this demonstration suffices to shift the burden to Shaban to go beyond the pleadings and show that there is a genuine issue of material fact as to his fraud claim.   <u>See Little,</u> 37 F.3d at 1075.

Shaban responds that the false material representations were made by Hertz's representative, Foley, on or about January 12, 2015, "regarding the move, renovation, and lease payments of the Hertz location operating as Westheimer Hertz" and that Hertz's representative "recklessly made these representations to Shaban."[50]

---

[49]<u>Id.</u> at 18-19.

[50]Shaban's Response, Docket Entry No. 27, pp. 18-19.

This explains the timing, circumstances, and subject matter of the conversation concerning the alleged representations but not that any were false.   Shaban points only to two email statements by Foley.   The first is a statement that Foley needed his "boss" to sign off on "any moves we do" and that he had "to have a plan."[51] Shaban does not argue this statement was false.   The second is a statement that "'I have put that we expect you to grow 40% from your current numbers if the move happens[] . . . [t]hat puts you . . . at roughly 60K in revenue for the year.'"[52]   Shaban concedes this statement is a future prediction that cannot serve as the basis of a fraud claim.[53]   Instead, Shaban argues that these statements give rise to an inference that Hertz intentionally made false statements that induced Shaban to move his Hertz agency.[54] The court disagrees; evidence that a conversation occurred is not evidence that one party made false misrepresentations during that conversation.   Shaban has not met his burden to demonstrate a genuine issue of material fact that Hertz made a false representation to him other than a prediction of future business

---

[51]Id. at 19; Emails, Exhibit 10 to Shaban's Response, Docket Entry No. 27-10, p. 2.

[52]Shaban's Response, Docket Entry No. 27, p. 19; Emails, Exhibit 10 to Shaban's Response, Docket Entry No. 27-10, p. 1.

[53]Shaban's Response, Docket Entry No. 27, p. 19.

[54]Id. at 19-20.

success.  Accordingly, summary judgment will be granted as to Shaban's fraud claim.

**D.    Intentional Infliction of Emotional Distress**

Hertz argues Shaban cannot demonstrate at least a genuine issue of material fact as to each element of his intentional infliction of emotional distress claim.  The elements of this tort are:  "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe."  Hersh v. Tatum, 526 S.W.3d 462, 468 (Tex. 2017).  Hertz contends that no evidence within the record would establish these elements, particularly that Hertz's conduct was extreme and outrageous.

Shaban responds that "there are a myriad of facts" supporting this claim in his Amended Petition.[55]  But "pleadings are not summary judgment evidence."  Wallace v. Texas Tech University, 80 F.3d 1042, 1047 (5th Cir. 1996).  The court may only consider "affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence" in determining whether specific facts exist over which there is a genuine issue for trial.  Little, 37 F.3d at 1075.  Shaban points to the following as such evidence:

---

[55]Shaban's Response, Docket Entry No. 27, p. 21.

- In an email dated March 24, 2015, Shaban wrote to Foley complaining that Hertz had not reimbursed his agency for money spent on expenses such as rental car maintenance.[56]  Foley replied to this email stating that reimbursements were low "because of write offs for past rentals" and offering to discuss the issue further.[57]

- In an email dated July 15, 2015, Shaban wrote to a Hertz employee, Adam Lee, complaining that Hertz had not reimbursed his agency for money spent on expenses such as rental car maintenance.[58]  Lee replied with an offer to put Shaban in touch with the Hertz personnel in charge of the reimbursements.[59]

- Shaban's Answer to Hertz's Interrogatory No. 9 states that Shaban "suffers from extreme emotional anguish due to concern about his current and future economic stability."[60]

The only conduct of Hertz's that this evidence identifies is a failure to pay expenses, which — taking the evidence in the light most favorable for Shaban — the court will assume were actually owed.

Hertz argues Shaban has not identified conduct that would satisfy any of the elements of the claim, including the "extreme

---

[56]Emails dated March 24, 2015, Exhibit 17 to Shaban's Response, Docket Entry No. 27-17, p. 1.

[57]<u>Id.</u>

[58]Emails dated July 15, 2015, Exhibit 16 to Shaban's Response, Docket Entry No 27-16, p. 1.

[59]<u>Id.</u>

[60]Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories, Exhibit 17 to Hertz's MSJ, Docket Entry No. 23-18, p. 5.

and outrageous" element.[61]   Whether conduct is extreme and
outrageous is a matter of law.  <u>Bradford v. Vento</u>, 48 S.W.3d 749,
758 (Tex. 2001).  Extreme and outrageous conduct is "'so outrageous
in character, and so extreme in degree, as to go beyond all
possible bounds of decency, and to be regarded as atrocious, and
utterly intolerable in a civilized community.'"  <u>GTE Southwest,
Inc. v. Bruce</u>, 998 S.W.2d 605, 611 (Tex. 1999).  "[C]onduct may be
morally unjustifiable, but even unscrupulous and ignominious
behavior does not rise to the level of 'extreme and outrageous.'"
<u>Lassiter v. Wilkenfeld</u>, 930 S.W.2d 803, 808 (Tex. App.—Beaumont
1996, writ denied).

Conduct that amounts to an "ordinary business dispute" is "not
actionable as a claim for intentional infliction of emotional
distress."  <u>See Louis v. Mobil Chemical Co.</u>, 254 S.W.3d 602, 609
(Tex. App.—Beaumont 2008, pet. denied).  A refusal to pay money
owed does not suffice to meet the high standard of extreme and
outrageous conduct.  To hold otherwise would permit infliction of
emotional distress claims to attach to every breach of contract
claim.  The court concludes that even making all inferences in
Shaban's favor, Hertz's conduct as shown by the summary judgment
evidence was not extreme and outrageous as a matter of law.
Accordingly, the court will grant Hertz's motion for summary
judgment as to Shaban's claim of intentional infliction of
emotional distress.

---

[61]Hertz's MSJ, Docket Entry No. 23, p. 20 ¶ 38, p. 21 ¶ 40.

### III.  Shaban's Answer and Motion to Dismiss

In response to Hertz's Counterclaim, Shaban filed his Answer and Motion to Dismiss.  Despite its title, the filing appears to be almost entirely an answer to Hertz's counterclaims — it responds to each of the allegations in Hertz's Counterclaim and asserts res judicata, collateral estoppel, and limitations as defenses. Near the end the filing states:  "The defendant's counterclaim pleadings fail to state a claim from which relief can be granted. Fed. R. Civ. P. 12(b)(6)."[62]  Shaban does not explain on what grounds Hertz's Counterclaim fails to state a claim for which relief may be granted.  Motions must "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B). Moreover, a motion asserting dismissal under Rule 12(b)(6) "must be made before pleading."  Fed. R. Civ. P. 12(b).  Shaban instead embedded his motion to dismiss within his answer.  Because Shaban did not move to dismiss for failure to state a claim in accordance with the rules, the court will deny the motion.

### IV.  Conclusion and Order

For the reasons explained above, the court concludes that Shaban's breach-of-contract and unjust enrichment claims are not barred by collateral estoppel because the County Court's determination of issues related to those claims relied on deemed

---

[62]Shaban's Answer and MTD, Docket Entry No. 21, p. 3 ¶ 14.

admissions that may not be used in subsequent proceedings.  Damages for costs of facility renovation, monthly rental costs, and management fees or reimbursement for vehicle maintenance are not available under the Agency Agreement, but the court cannot determine whether they are available under the Alleged Second Agreement.  Shaban's negligent misrepresentation claim is not barred by the statute of limitations because the limitations period was tolled by the dismissal of his counterclaims before the County Court for lack of jurisdiction.  But Shaban has not shown there are genuine issues of material fact as to the elements of his fraud and intentional infliction of emotional distress claims; and Shaban did not submit a motion to dismiss for failure to state a claim in accordance with the rules.

Accordingly, The Hertz Corporation's Motion for Summary Judgment on Plaintiff's Claims (Docket Entry No. 23) is **GRANTED** as to Shaban's fraud and intentional infliction of emotional distress claims; and as to the unavailability of costs for facility renovation, monthly rental costs, management fees or reimbursement for vehicle maintenance under the Agency Agreement; but is otherwise **DENIED**.  Plaintiff's Motion to Dismiss Hertz Corporation's Claims (Docket Entry No. 21) is **DENIED**.

Plaintiff's Motion to Extend Discovery Deadlines (Docket Entry No. 31) is **GRANTED**.  If the parties are unable to settle the case, they will mediate by July 17, 2020.  No additional dispositive

motions will be allowed.  The discovery deadline is extended until September 16, 2020.  Non-dispositive motions will be filed by October 2, 2020.  The Joint Pretrial Order will be filed by November 6, 2020.  Docket call will be on November 13, 2020, at 3:00 p.m., in Courtroom 9-B, Ninth Floor, United States Courthouse, 515 Rusk Street, Houston, TX 77002.

**SIGNED** at Houston, Texas, on this the 19th day of May, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE