United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ART SHABAN d/b/a WESTHEIMER PAINT & BODY, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. H-19-0987 |
| v. | § § | |
| THE HERTZ CORPORATION, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On March 17, 2017, plaintiff Art Shaban ("Plaintiff") filed an action against defendant The Hertz Corporation ("Defendant") in the 113th District Court of Harris County, Texas, asserting claims for breach of contract, unjust enrichment, negligent misrepresentation, fraud, and intentional infliction of emotional distress.[1] Plaintiff filed his First Amended Petition on February 18, 2019.[2] Defendant removed on the basis of diversity on March 18, 2019.[3] Pending before the court is The Hertz Corporation's Motion to Lift Stay and to Dismiss Plaintiff's Claims and Voluntarily Dismiss

---

[1] Plaintiff's Original Petition and Requests for Disclosure ("Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 3-6 ¶¶ 14-25.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Plaintiff's First Amended Petition and Requests for Disclosure ("First Amended Petition"), Exhibit 3 to Notice of Removal, Docket Entry No. 1-3.

[3] Notice of Removal, Docket Entry No. 1, p. 1.

Defendant's Counterclaims ("Defendant's Motion") (Docket Entry No. 43). Plaintiff has responded and moved to remand.[4] For the reasons stated below, Defendant's Motion will be granted, and Plaintiff's motion to remand will be denied. Plaintiff's claims will be dismissed with prejudice, and Defendant's counterclaim will be dismissed without prejudice.

## I.   Facts and Procedural Background

The following facts are undisputed. Plaintiff resides in Texas.[5] Defendant is a corporation organized under the laws of Delaware,[6] with its principal place of business in Florida.[7] The live pleading in this action seeks monetary relief of "more than $1,000,000."[8]

On February 18, 2019, Plaintiff filed his First Amended Petition in the underlying state court proceeding.[9] Plaintiff's First Amended Petition asserted claims against Defendant for breach

---

[4] Art Shaban and Westheimer Paint and Body's Response to The Hertz Corporation's Motion to Lift Stay and to Dismiss Plaintiff's Claims and Voluntarily Dismiss Defendant's Counterclaims and Motion for Remand ("Plaintiff's Response"), Docket Entry No. 46.

[5] First Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 1 ¶ 2.

[6] Delaware Secretary of State Filing, Exhibit 5 to Notice of Removal, Docket Entry No. 1-5, p. 1.

[7] Notice of Removal, Docket Entry No. 1, p. 3 ¶ 6.

[8] First Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 5.

[9] First Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3.

of contract, negligent misrepresentation, fraud, intentional infliction of emotional distress, and unjust enrichment.[10] Defendant subsequently counterclaimed against Plaintiff, alleging breach of contract.[11]

On May 22, 2020, Defendant and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, jointly administered under Case No. 20-11218 (MFW), In re The Hertz Corporation, et al. ("Defendant's Bankruptcy"). On June 1, 2020, Defendant filed its suggestion of bankruptcy in this proceeding, advising the court and Plaintiff of Defendant's Bankruptcy and the attendant automatic stay.[12]

On June 19, 2020, the court stayed this action and ordered the parties to file periodic status reports.[13] On September 9, 2020, an order was issued in Defendant's Bankruptcy that established deadlines for the filing of proofs of claim against Defendant.[14]

---

[10]On May 19, 2020, the court granted Defendant's motion for summary judgment in part, dismissing Plaintiff's fraud and intentional infliction of emotional distress claims, as well as certain damages claimed by Plaintiff. Art Shaban, individually and d/b/a Westheimer Paint & Body v. The Hertz Corporation, Civil Action No. H-19-0987, 2020 WL 2544757 (S.D. Tex. May 19, 2020).

[11]See Shaban, 2020 WL 2544757, at *1.

[12]Defendant The Hertz Corporation's Suggestion of Bankruptcy and Notice of Operation of the Automatic Stay, Docket Entry No. 33.

[13]Order, Docket Entry No. 36.

[14]Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, and Approving the Form and Manner
(continued...)

That same day, Defendant filed its Notice of Deadlines for Filing Proofs of Claim.[15] The general deadline for filing proofs of claim was October 21, 2020, at 5:00 P.M. prevailing Eastern time.[16]

On September 16, 2020, the Bar Date Notice and a Proof of Claim Form were sent to Plaintiff via first class mail.[17] Plaintiff did not file a proof of claim before the deadline.[18]

On June 10, 2021, an order was entered in Defendant's Bankruptcy that (1) confirmed the Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and Its Debtor Affiliates (the "Plan"), and (2) granted related relief.[19] The Plan provides that

---

(...continued)
of Notice Thereof ("Bar Date Order"), Exhibit 1 to Defendant's Motion, Docket Entry No. 43-1.

[15] Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, Against Debtors, Exhibit 2 to Defendant's Motion, Docket Entry No. 43-2.

[16] Id. at 1.

[17] Affidavit of Service, Exhibit 3 to Notice of Removal, Docket Entry No. 43-3, pp. 1, 4.

[18] A copy of the claims register for Defendant's Bankruptcy is publicly available at https://restructuring.primeclerk.com/hertz/Home-ClaimInfo. This webpage reflects tens of thousands of scheduled creditors for Defendant and/or its related debtor affiliates, and over 15,000 claims registered as a part of Defendant's Bankruptcy. A search of that website for Plaintiff shows that the only claim filed under his name was filed on September 17, 2021, approximately eleven months after the deadline of October 21, 2020.

[19] Order (I) Confirming Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and Its Debtor Affiliates and (II) Granting Related Relief ("Confirmation Order"), Exhibit 4 to Defendant's Motion, Docket Entry No. 43-4; Plan, Exhibit 5 to Defendant's Motion, Docket Entry No. 43-5.

> ARTICLE VIII.B. *Discharge of Claims and Termination of Interests*
>
> Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in a contract, instrument, or other agreement or document executed pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims . . ., Interests, and Causes of Action of any nature whatsoever . . . in each case whether or not (i) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code. . . . The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

Plan, Exhibit 5 to Defendant's Motion, Docket Entry No. 43-5, p. 85.

The Plan further provides that

> ARTICLE VIII.F. *Injunction*
>
> EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D,</u> (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.B</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E,</u> ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY

> **LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

Id. at 87-88.

The Plan's "Effective Date" is June 30, 2021.[20]

Defendant filed the pending motion on August 20, 2021, seeking to lift the stay of this case, dismiss Plaintiff's claims, and voluntarily dismiss Defendant's counterclaim.[21] Plaintiff responded on September 17, 2021,[22] and Defendant replied on September 24, 2021.[23]

---

[20]Notice of Effective Date and Entry of Order Confirming the Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and Its Debtor Affiliates ("Notice of Effective Date"), Exhibit 6 to Defendant's Motion, Docket Entry No. 43-6, p. 2.

[21]Defendant's Motion, Docket Entry No. 43.

[22]Plaintiff's Response, Docket Entry No. 46.

[23]The Hertz Corporation's Reply in Support of its Motion to Lift Stay, to Dismiss Plaintiff's Claims, and Voluntarily Dismiss Its Counterclaim ("Defendant's Reply"), Docket Entry No. 47.

## II. Standard of Review

District courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a).

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12©. "The standard for deciding such a motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "'The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Id. (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). However, "'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007)). "Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

### III. Analysis

#### A. Plaintiff's Motion to Remand Fails

Plaintiff contends that "[s]ince there are no longer any claims alleged by Plaintiff that can go forward there is also no diversity jurisdiction[,]" because "[t]he sole remaining claim would be for attorney fees . . . and there is not over $75,000.00 at issue in this case on attorney fees alone."[24]

"Before addressing the merits of a case, a federal court must determine whether jurisdiction is proper." JTB Tools & Oilfield Services, L.L.C. v. United States, 831 F.3d 597, 599 (5th Cir. 2016) (citing Steel Co. v. Citizens for a Better Environment, 118 S. Ct. 1003, 1012 (1995)). Plaintiff's argument appears to concede that all his claims other than those for attorney's fees must be dismissed, and that only the value of his claims for attorney's fees may be considered in calculating the amount in controversy. This argument puts the cart before the horse — Plaintiff asks the court to address the merits of his claims and dismiss them, and then determine whether diversity jurisdiction exists. But without jurisdiction, the court cannot proceed at all. Steel Co., 118 S. Ct. at 1012.

"[T]he amount in controversy should be determined at the time of filing." White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003). At the time of filing, Plaintiff sought monetary relief of

---

[24]Plaintiff's Response, Docket Entry No. 46, p. 9.

"more than $1,000,000."[25] The court concludes that the amount in controversy requirement is satisfied and diversity jurisdiction exists. See 28 U.S.C. § 1332(a).

### B. Plaintiff's Claims Were Discharged in Bankruptcy and By His Failure to File a Proof of Claim

As explained above, the Bar Date Order established deadlines for the filing of proofs of claim against Defendant,[26] Defendant mailed notice of the deadline to Plaintiff,[27] and Plaintiff failed to file a proof of claim by the deadline.[28] Defendant contends that "pursuant to the Plan, the Confirmation Order, and [11 U.S.C. § 1141 of] the U.S. Bankruptcy Code, [Plaintiff's] claims have been discharged, any actions in furtherance of his claims have been enjoined, and his claims should be dismissed."[29] Plaintiff's

---

[25] First Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 5.

[26] Bar Date Order, Exhibit 1 to Defendant's Motion, Docket Entry No. 43-1.

[27] Affidavit of Service, Exhibit 3 to Defendant's Motion, Docket Entry No. 43-3, pp. 1, 4.

[28] A copy of the claims register for Defendant's Bankruptcy is publicly available at https://restructuring.primeclerk.com/hertz/Home-ClaimInfo. This webpage reflects tens of thousands of scheduled creditors for Defendant and/or its related debtor affiliates, and over 15,000 claims registered as a part of Defendant's Bankruptcy. A search of that website for Plaintiff shows that the only claim filed under his name was filed on September 17, 2021, approximately eleven months after the deadline of October 21, 2020.

[29] Defendant's Motion, Docket Entry No. 43, p. 7.

Response appears to concede this point,[30] but also appears to argue that his failure to file a claim is not dispositive because he "never received the bar notice."[31] The court is not persuaded by Plaintiff's argument.

"A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." In re Worldcom, Inc., No. 02-13533AJG, 2005 WL 3875192, at *3 (S.D.N.Y. Bankr., Oct. 27, 2005). "Evidence of actual mailing, in the form of an affidavit submitted by an individual who supervised the mailing is sufficient to allow the presumption to arise." Id. "Additional evidence, other than an addressee's mere denial of receipt is required to rebut the presumption that the addressee received a properly addressed notice." Id.

Defendant has submitted an Affidavit of Service in which its noticing agent testified that he supervised the mailing of the Bar Date Notice and a Proof of Claim Form to Plaintiff on September 16, 2020.[32] In response, Plaintiff offers only an affidavit from his counsel denying receipt of the mailing.[33] The court therefore

---

[30]See Plaintiff's Response, Docket Entry No. 46, p. 6.

[31]Id. at 3 ¶ 11.

[32]Affidavit of Service, Exhibit 3 to Defendant's Motion, Docket Entry No. 43-3.

[33]Declaration of Peter J. Clarke, Exhibit 2 to Plaintiff's Response, Docket Entry No. 46-2.

concludes that Plaintiff had notice of the deadline for filing a proof of claim and nonetheless failed to file one in time. See In re Worldcom, Inc., 2005 WL 3875192, at *3.

Pursuant to the Plan, the Confirmation Order, and the U.S. Bankruptcy Code, the court concludes that Plaintiff's claims have been discharged, and any actions in furtherance of his claims have been enjoined. Therefore, the allegations in Plaintiff's First Amended Petition, even if true, could not raise a claim of entitlement to relief, and the court will therefore dismiss Plaintiff's claims. See Cuvillier, 503 F.3d at 401 (5th Cir. 2007).

### C. Plaintiff Has No Surviving Claim for Attorney's Fees Because He Has Not Prevailed On a Breach of Contract Claim or Recovered Damages

Plaintiff also appears to argue that he has a surviving claim for attorney's fees on Defendant's counterclaim, based on the assertion that Plaintiff is the self-declared prevailing party on that claim.[34] To recover attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code for a breach of contract claim, "a litigant must do two things: (1) prevail on a breach of contract claim, and (2) recover damages. The second requirement is implied from the statute's language: for a fee recovery to be 'in addition to the amount of a valid claim,' the claimant must recover some amount on that claim." MBM Financial Corp. v. Woodlands

---

[34] Plaintiff's Response, Docket Entry No. 46, p. 5.

Operating Co., L.P., 292 S.W.3d 660, 666 (Tex. 2009) (emphasis in original). Plaintiff has not met either element. Plaintiff is not a prevailing party on his breach of contract claim because that claim was discharged in bankruptcy and will be dismissed by the court. Nor can Plaintiff prevail on Defendant's counterclaim because, for reasons explained below, the court will dismiss the counterclaim.

The court therefore concludes that Plaintiff has no surviving claim for attorney's fees.

### D.  The Court Will Dismiss Defendant's Counterclaim

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

The court concludes that voluntary dismissal of Defendant's counterclaim will not lead to any plain legal prejudice to Plaintiff and is therefore proper.

### IV.  Conclusions and Order

For the reasons explained above, The Hertz Corporation's Motion to Lift Stay and to Dismiss Plaintiff's Claims and Voluntarily Dismiss Defendant's Counterclaims (Docket Entry No. 43)

-12-

is **GRANTED**; Art Shaban and Westheimer Paint and Body's Motion for Remand (Docket Entry No. 46) is **DENIED**; Plaintiff's claims will be dismissed with prejudice; and Defendant's counterclaim will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 7th day of October, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE